**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **CRFD RESEARCH, INC.,** | : | **C.A. No. ____________** |
| **Plaintiff,** | : | |
| **v.** | : | **JURY TRIAL DEMANDED** |
| **DISH NETWORK CORPORATION,**<br>**DISH DBS CORPORATION,**<br>**DISH NETWORK L.L.C.,**<br>**ECHOSTAR CORPORATION, and**<br>**ECHOSTAR TECHNOLOGIES L.L.C.** | : | |
| **Defendants.** | : | |

## Complaint for Patent Infringement

Plaintiff, CRFD Research, Inc. ("CRFD") alleges the following for its complaint of patent infringement against Dish Network Corporation, Dish DBS Corporation, Dish Network L.L.C., Echostar Corporation and Echostar Technologies L.L.C. (collectively the "Defendants;" Dish Network Corporation, Dish DBS Corporation and Dish Network L.L.C. collectively "Dish Network;" and Echostar Corporation and Echostar Technologies L.L.C. collectively "Echostar.")

## Nature of the Action

This is an action for patent infringement of United States Patent No. 7,191,233 (the "'233 Patent") under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*., and seeking damages and injunctive and other relief under 35 U.S.C. § 281, *et seq*.

## The Parties

1. Plaintiff CRFD is a Delaware corporation with its principal place of business at 2331 Mill Road, Suite 100, Alexandria, Virginia 22314.

2. On information and belief, Defendant Dish Network Corporation is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business at 9601 South Meridian Boulevard, Englewood, Colorado 80112.

3. On information and belief, Defendant Dish DBS Corporation is a corporation organized and existing under the laws of the State of Colorado, with its principal place of business at 9601 South Meridian Boulevard, Englewood, Colorado 80112.

4. On information and belief, Defendant Dish Network L.L.C. is a limited liability company organized and existing under the laws of the State of Colorado, with its principal place of business at 9601 South Meridian Boulevard, Englewood, Colorado 80112.

5. On information and belief, Defendant Echostar Corporation is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business at 100 Inverness Terrace East, Englewood, Colorado 80112.

6. On information and belief, Defendant Echostar Technologies L.L.C. is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business at 90 Inverness Circle East, Englewood, Colorado 80112.

## Jurisdiction and Venue

7. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action concerns the infringement of United States patents.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, Defendants have transacted business in the State of Delaware and Defendants have committed and continue to commit acts of patent infringement in Delaware.

10. Upon information and belief, this Court has personal jurisdiction over each Defendant at least because each transacts substantial business in the State of Delaware, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein, and (ii) regularly doing or soliciting business in Delaware, engaging in other persistent courses of conduct, maintaining continuous and systematic contacts in Delaware, purposefully availing itself of the privileges of doing business in Delaware, and/or deriving substantial revenue from goods and services provided to individuals in Delaware.

**Joinder**

11. CRFD's rights to relief are asserted against Defendants jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences related to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and questions of fact common to all Defendants will arise in this action.

**The Patent-In-Suit**

12. CRFD is the owner by assignment of the '233 Patent, entitled "System for Automated, Mid-Session, User-Directed, Device-to-Device Session Transfer System," which the United States Patent & Trademark Office duly issued on March 13, 2007. A true and correct copy of the '233 Patent is attached hereto as Exhibit A.

13. The inventions of the '233 Patent are applicable to, among other things, a transfer of an on-going software session from one device to another device.

**Defendants' Infringing Products and Methods**

14. Dish Network provides broadcast satellite subscription television services and products to around 14 million customers. In order to receive such services, Dish Network's

customers much purchase or lease from Dish Network satellite reception equipment. Dish Network provides video on demand products and services to its customers by pushing content onto their customers' digital video recorders ("DVRs").

15. Dish Network purports to depend upon EchoStar Corporation for the design and development of its set top boxes.[1] EchoStar purports that Dish Network is its primary customer for set top boxes.[2] Echostar purports to supply the Hopper Whole Home DVR solution to Dish Network.[3]

16. Upon information and belief, Defendants make, use, sell, lease, import and offer for sale products that allow users to transfer an on-going software session from one device to another device, including but not limited to their Hopper Whole Home DVR products ("Defendants' Infringing Products"). For example, Defendants Whole Home DVR products include, for example, a Hopper set top box as a primary receiver, coupled to multiple televisions and/or to additional set top boxes. Defendants purport that when these devices are networked, the recordings on the Hopper can be accessed by all networked televisions and/or set top boxes, and that the user can "start [viewing a program] in one room [and] finish in another."[4] Defendants purport that, "With its Whole-Home DVR network, Hopper makes it easier than ever to start watching a program in one room and resume it in another."[5]

**COUNT I: INFRINGEMENT OF THE '233 PATENT**

17. Plaintiff incorporates paragraphs 1-16 herein by reference as if set forth here in full.

[1] Dish Network Corporation 2012 Form 10-K (Annual Report) at i.
[2] EchoStar Corporation 2012 Form 10-K (Annual Report) at 4.
[3] EchoStar Corporation 2012 Form 10-K (Annual Report) at Chairman's March 20, 2013 cover letter to shareholders, available at http://files.shareholder.com/downloads/SATS/2811991412x0x647260/9645D739-1AE8-4298-BB90-494B55C7A164/2013_SATS_Annual_Report_web.pdf.
[4] *See* http://www.mydish.com/support/filestream.ashx?ID=2488.
[5] *See* http://www.mydish.com/redirects/promotion/hopper-features.

18. Upon information and belief, Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the ’233 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, products and services that transfer an on-going software session from one device to another device. Without limitation, and by example only, Defendants directly infringe and continue to directly infringe at least claim 23 of the ’233 Patent by making, selling, using and offering for sale at least the Hopper Whole Home DVR set top box and the Joey Whole Home DVR set top box, among other set top boxes, and the Hopper Whole Home DVR service. Additionally, Defendants directly infringe and continue to directly infringe at least claim 1 of the ’233 Patent by making, using, selling, and offering for sale at least the Hopper Whole Home DVR service.

19. Defendants also directly infringe one or more claims of the ’233 Patent by directing and/or controlling their employees, executives, users, agents, affiliates, suppliers and customers to use the aforementioned products that transfer an on-going software session from one device to another device within the United States.

20. To the extent that any claim is construed to require a system, Defendants also directly infringe one or more claims of the ’233 Patent by providing to users software, hardware and/or platforms that transfer an on-going software session from one device to another device, thus putting the aforementioned system into use.

21. By using the methods claimed in the ’233 Patent and by making, selling, importing, offering for sale and/or using the aforementioned products that transfer an on-going software session from one device to another device, Defendants have been and are now directly infringing under 35 U.S.C. § 271(a) one or more claims of the ’233 Patent, either literally or

under the doctrine of equivalents.

22. Upon information and belief, upon knowledge of the ’233 Patent (at least since the filing date of this Complaint) Defendants are contributing to the infringement of the ’233 Patent by, among other things, knowingly and with intent, actively encouraging their customers, suppliers, agents, users and affiliates to make, use, sell and/or offer for sale at least the Hopper set top box and the Joey Whole Home DVR set top box, among other set top boxes, and the Hopper Whole Home DVR service, which constitutes infringement of at least claims 1 and 23 of the ’233 Patent. For example, to the extent that any claim is construed to require a system, Defendants provide components, including software, hardware and/or platforms, for use in networked systems, which transfer an on-going software session from one device to another device. Defendants know that such products constitute a material part of the inventions of the ’233 Patent, know those products to be especially made or adapted to infringe the ’233 Patent, and know that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

23. By contributing to its customers’, suppliers’, agents’, users’ and affiliates’ use of the apparatus and methods claimed in the ’233 Patent and their making and/or using the aforementioned web content reformatting products, Defendants have been and are now indirectly infringing under 35 U.S.C. § 271(c) one or more claims of the ’233 Patent, either literally or under the doctrine of equivalents.

24. Upon information and belief, upon knowledge of the ’233 Patent (at least since the filing date of this Complaint), Defendants are inducing infringement of the ’233 Patent by, among other things, knowingly and with intent, actively encouraging their customers, suppliers, users, agents and affiliates to make, use, sell and/or offer for sale Defendants’ aforementioned

products that transfer an on-going software session from one device to another device in a manner that constitutes infringement of one or more claims of the ’233 Patent, with the knowledge and specific intent to encourage, direct and facilitate those infringing activities, and knowing that such activities infringe the ’233 Patent, including through the creation and dissemination of promotional and marketing materials, instructional materials, product materials and technical materials. For example, Defendants provide users with instructions as to how to operate the Hopper Whole Home DVR system, including how to pause a program in one room, and then resume watching that program in another room.[6]

25. To the extent that Defendants’ users can be considered to put the aforementioned products that transfer an on-going software session from one device to another device into use (for example, to the extent any claim is construed to require such a system), then Defendants would also be inducing infringement of the ’233 Patent by, among other things, knowingly and with intent (at least since the filing date of this Complaint) actively encouraging their users to make and use Defendants’ aforementioned products that transfer an on-going software session from one device to another device in a manner that constitutes infringement of one or more claims of the ’233 Patent, with the knowledge and specific intent to encourage, direct and facilitate those infringing activities, and knowing that such activities infringe the ’233 Patent, including through the creation and dissemination of promotional and marketing materials, instructional materials, product materials and technical materials.

26. By inducing its customers’, suppliers’, users’, agents’ and affiliates’ use of the apparatus and methods claimed in the ’233 Patent and their making and/or using at least the Hopper Whole Home DVR set top box and the Joey Whole Home DVR set top box, among other

---

[6] *See, e.g.,* http://www.mydish.com/support/filestream.ashx?ID=2488; http://www.mydish.com/support/your-hopper.

set top boxes, and the Hopper Whole Home DVR service, Defendants have been and are now indirectly infringing under 35 U.S.C. § 271(b) at least claims 1 and 23 of the ’233 Patent, either literally or under the doctrine of equivalents.

27. As a result of Defendants’ unlawful infringement of the ’233 Patent, CRFD has suffered and will continue to suffer damage. CRFD is entitled to recover from Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

28. Defendants will continue to infringe the ’233 Patent unless and until they are enjoined by this Court.

29. Defendants, by way of their infringing activities, have caused and continue to cause CRFD to suffer damages in an amount to be determined at trial. CRFD has no adequate remedy at law against Defendants’ acts of infringement and, unless Defendants are enjoined from its infringement of the ’233 Patent, CRFD will suffer irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, CRFD respectfully requests that this Court enter judgment in its favor as follows:

A. Holding that Defendants have directly infringed, literally and/or under the doctrine of equivalents, one or more of the claims of the ’233 Patent;

B. Holding that Defendants have indirectly infringed, literally and/or under the doctrine of equivalents, one or more of the claims of the ’233 Patent;

C. Permanently enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the ’233 Patent;

D. Permanently enjoining the use of the products that transfer an on-going software session from one device to another device created or used according to the patented methods of the ’233 Patent;

E. Awarding to CRFD the damages to which it is entitled under 35 U.S.C. § 284 for Defendants’ past infringement and any continuing or future infringement up until the date Defendants are finally and permanently enjoined from further infringement, including compensatory damages;

F. Declaring this to be an exceptional case and awarding CRFD’s attorneys’ fees under 35 U.S.C. § 285;

G. Awarding CRFD costs and expenses in this action;

H. Awarding CRFD pre- and post-judgment interest on its damages; and

I. Awarding CRFD such other and further relief in law or in equity as this Court deems just and proper.

**JURY DEMAND**

CRFD, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any and all issues so triable by right.

Dated: January 17, 2014

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Of Counsel:

Mark S. Raskin
Robert Whitman
John Petrsoric
Eric Berger
Mishcon De Reya New York LLP
750 Seventh Ave., 26th Floor
New York, NY 10003

*Attorneys for Plaintiff*
*CRFD Research, Inc.*